IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUAN AQUINO,

    Petitioner,

vs.                                 CASE NO. 4:06-cv-318-SPM/EMT

WALTER MCNEIL,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 33). Petitioner has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner filed an objection (doc. 35). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

In 2004, Petitioner was convicted of sexual battery on a child under twelve years of age, and challenges his conviction, as well as the Magistrate Judge's Recommendation that his habeas petition be dismissed, on two grounds. First, the Petitioner asserts that the trial court erred by admitting evidence that the

Petitioner had committed prior sexual acts on two other children. In child sexual-abuse prosecutions, the Florida legislature has broadened the admissibility of evidence that the defendant committed other acts of child sexual abuse. The only matter before this court is whether the Florida First District Court of Appeal's decision affirming the trial court's conviction despite the Petitioner's challenge amounted to a violation of clearly established federal law as determined by the Supreme Court. As there is no decision of the Supreme Court suggesting that the admission of prior-act evidence in this case was unconstitutional, the Petitioner is not entitled to habeas relief on this ground.

Additionally, the Petitioner challenges his conviction on the ground that his public defender rendered ineffective assistance of counsel in failing to call Detective Rubino of New York as a witness. Petitioner asserts that the testimony of Detective Rubino should have been introduced to impeach the testimony of a victim of the Petitioner's previous conviction of rape in New York. To obtain relief for ineffective assistance of counsel, a habeas petitioner must show both deficient performance by counsel and prejudice, such that, but for the deficient performance, the outcome of the proceeding would have been different. In the present case, Petitioner can prove neither. Counsel's decision whether to call a witness is generally entitled to great deference. Moreover, it is clear that the impeachment value, if any, of Detective Rubino's testimony would not be of such persuasive force as to alter the outcome of the entire proceeding.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 33) is *adopted* and incorporated by reference into this order.

2. The amended petition for writ of habeas corpus (doc. 22) is **denied**.

DONE AND ORDERED this <u>tenth</u> day of August, 2009.

          *s/ Stephan P. Mickle*
          Stephan P. Mickle
          Chief United States District Judge